IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-11-188-D |
| | ) | |
| ARNULFO EDEN MONTES DE OCA-RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's Motion to Strike [Doc. No. 20], asking the Court to strike from the Indictment certain language which Defendant contends constitutes surplusage and is prejudicial to him. The government timely responded to the motion.

The sole count of the Indictment charges Defendant with a violation of 8 U. S. C. § 1326 (a). Specifically, the Indictment charges that he is an alien who "had been deported, removed and excluded from the United States on several occasions including April 1, 2011, after being convicted of a felony," and, thereafter, he was found to be "knowingly in the United States" without the consent of the proper federal officials. Defendant argues that the phrase, "after being convicted of a felony," constitutes surplusage because it is not an element which the government must prove; he also asks the Court to strike the phrase, "several occasions," as surplusage. He contends that inclusion of these phrases is also prejudicial and should be stricken.

Pursuant to Fed. R. Civ. P. 7(d), a district court has the discretionary authority, upon a defendant's motion, to "strike surplusage from the indictment or information." Surplusage is generally defined as language in an Indictment which "goes beyond alleging the elements of the offense." *United States v. Teague*, 12 F. App'x 759, 765 (10th Cir. 2001) (unpublished opinion)

(citing *United States v. Smith*, 838 F. 2d 436, 439 (10th Cir. 1988)).

A court is not, however, required to strike all surplusage, as the decision to do so is discretionary. "Acting in its discretion, a district court *may* strike as surplusage allegations not relevant to the charge at issue." *United States v. Brooks,* 438 F. 3d 1231, 1237 (10th Cir. 2006) (emphasis added). The Court may do so where the challenged language is not relevant to prove the elements of the offense charged, or is "inflammatory or prejudicial." *United States v. Zabawa*, 39 F. 3d 279, 285 (10th Cir. 1994) (citing *United States v. Collins*, 920 F. 2d 619, 631 (10th Cir. 1990), *cert. denied*, 500 U. S. 920 (1991)).

In this case, the government concedes that it need not prove Defendant was convicted of an aggravated felony in order to sustain its burden under § 1326(a). However, as the government points out, the felony conviction is directly relevant to the penalty which may be imposed in the event of a conviction. Pursuant to 8 U. S. C. § 1326(b), the penalties prescribed for § 1326(a) violations vary according to the reason the defendant was previously deported. According to § 1326(b)(1), an alien deported subsequent to a felony conviction is subject to a greater maximum prison term than one who did not have a felony conviction. Therefore, the government argues the evidence in this case that Defendant committed a felony is directly relevant to the sentence which may be imposed if Defendant is found guilty of violating § 1326(a).

The fact that the government is not required to plead and prove a prior felony conviction as an essential element of a § 1326 (a) crime does not compel a conclusion that the Indictment's reference to the felony must be stricken as surplusage. Instead, the Court has the discretion to determine whether that language should be stricken.

Furthermore, even if the Court concludes that language at issue constitutes surplusage,

failure to strike it is not prejudicial where the Court provides the jury with instructions limiting their consideration of the Indictment. *United States v. Austin,* 1992 WL 738548, at *2 (10th Cir. Nov. 12, 1992) (unpublished opinion) (citing *Lowther v. United States*, 455 F. 2d 657, 666 (10th Cir. 1972), *cert. denied,* 409 U. S. 857 (1972)). Thus, a trial court did not abuse its discretion in denying a motion to strike surplusage where it instructed the jury that the Indictment was not evidence, guilt or innocence was to be determined on the evidence, the government was not required to prove each aspect of the Indictment, and a conviction could not be upheld on suspicion or conjecture. *Austin*, 1992 WL 738548, at *2 (citing *Lowther*, 455 F.2d at 666). According to the Circuit, such "instructions served to insure the contents of the indictment the defendants contend were surplusage were not considered by the jury in reaching its verdict." *Id.*; *see also United States v. Marker*, 1994 WL 192018, at * 11 (D. Kan. Apr. 15, 1994) (unpublished opinion) (citing *Austin* and *Lowther*). Other circuits have reached the same conclusion. *United States v. Figueroa*, 900 F. 2d 1211, 1218 (8th Cir. 1990), *cert. denied,* 496 U. S. 942 (1990) (denial of motion to strike surplusage upheld where trial court repeatedly instructed the jury that the Indictment was merely the formal means of accusing a defendant and was not evidence); *United States v. Ramirez*, 710 F. 2d 535, 544-45 (9th Cir. 1983) (denial of motion was not an abuse of discretion where jury was instructed that the Indictment was not evidence.) For the same reasons, the Court does not find it necessary to strike the phrase, "several occasions" from the Indictment.

Defendant's argument in this case does not compel a conclusion that the challenged language must be stricken. Any potential prejudice resulting from the inclusion of the prior felony phrase in the Indictment can be cured by appropriate limiting jury instructions. It is the practice of this Court in all criminal trials to provide limiting instructions regarding the Indictment, and the Court

3

will do so in this case.

Accordingly, the Motion to Strike [Doc. No. 20] is DENIED. This case will proceed accordingly.

IT IS SO ORDERED this 7th day of October, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE